## The Home Insurance Company of Columbus, Ohio v. Lorenzo B. Curtis.

*Pleadings : Circuit court rule 104: Insurance policy: General issue: Notice.*
Under a plea of the general issue only, no defense to an action upon an
insurance policy which is based upon a breach of a warranty or repre-
sentation contained in the application alone, and not in the policy, is ad-
missible; circuit court rule 104 requires notice of such defense to be
given with the plea, and failure to give it operates as a waiver of the
defense.

*Pleadings: Issue: Evidence.* The fact that the evidence showing such
breach was incidentally brought out by the plaintiff could not operate to
enlarge or change the issue made by the pleadings.

*Insurance: Premium: Payment.* Where the agents of an insurance company,
acting for themselves, advance the money for the premium to the com-
pany, and take the note of the insured for the amount as their own, and
negotiate the same, the company may not dispute their liability on the
ground that the premium has not been actually paid.

*Insurance: Cancelling the policy.* An insurance company cannot cancel a
policy which has been delivered and the premium paid, without notifying
the assured, and returning or offering to return the unearned premium.

*Policy: Delivery.* An actual manual delivery of the policy is not necessary;
and where the agents of the company, under agreement with the

assured, held the policy subject to the order and control of a third person whose mortgage interest is covered by it, this is a sufficient delivery to give validity to the policy, though such third person has not actually called for or received it.

*Transfer of causes: Filing bond and petition: Trial on the merits: Jurisdiction: Waiver.* Where parties have filed a bond and petition for the removal of the cause to the United States court, but proceed, without calling the attention of the court to this fact, to a trial of the cause upon the merits, without questioning the jurisdiction in any way, they thereby waive all rights they may have had to insist that the cause was by such bond and petition transferred; parties may not go to trial upon the merits, and take their chances upon the results, and afterwards question the jurisdiction of the court upon any ground which could be waived.

*Submitted on briefs June 18. Decided October 12.*

Error to Saginaw Circuit.

*Moore & Griffin,* for plaintiff in error.

*Gaylord & Hanchett,* for defendant in error.

MARSTON, J:

This was an action of assumpsit, brought to recover upon a policy of insurance, issued to Aaron Linton and made payable, in case of loss, to defendant in error, as his interest in the property insured, as mortgagee thereof, should appear. Defendant pleaded the general issue.

It appeared on the trial that Linton made a written application to the company for this insurance, in which he stated, in answer to a special question, that the property sought to be insured was mortgaged to the amount of five thousand dollars. This application was made a condition of the insurance, and a warranty upon the part of the assured that the facts therein stated were true. It also appeared that at the time this application was made and the policy issued the property insured was mortgaged for a much larger amount.

The court was asked to charge the jury, that under this state of facts the plaintiff could not recover. The request was refused, and plaintiff in error excepted.

Under the issue in the case such a defense was not admissible. Circuit court rule 104 provides that in case

the company shall rely, in whole or in part, upon the failure of the plaintiff to perform or make good any promise, representation or warranty, not contained in the policy, but set forth in any other paper or instrument in the hands of the insurer, the notice under the general issue shall declare the same, and indicate the breach relied ·on. No notice of any such defense was given in this case. But it was insisted that as the fact that the property was mortgaged for more than five thousand dollars appeared from the plaintiff's own showing, the defendant could therefore insist upon the breach of warranty as a defense under the. plea of the general issue, although there was no notice attached thereto indicating such breach.

This position, we think, is not correct. The defense was one which the company had a right to waive, and the fact that no notice of such a defense was attached to the general issue would give counsel for plaintiff to understand that the company did not intend to rely upon any such breach, and would be likely therefore to prevent the plaintiff's counsel from making such preparation upon that point as they otherwise might do. The mere fact that the whole or any portion of the evidence showing such breach was incidentally introduced by the plaintiff as a part of his case, would make no difference, as the case must be disposed of in accordance with the issue joined between the parties. This question was not in issue, and the court therefore properly refused to ·charge as requested.—*Peoria Ins. Co. v. Perkins, 16 Mich., 380.*

There was evidence introduced tending to show that at the time the insurance was effected it was understood that credit was to be given for the premium; that the agents of the company afterwards paid the premium to the company, and received from Linton an endorsed note for the amount, in payment thereof, which they had discounted, and that this note was afterwards taken up and a new note given for the amount of the first, with interest added, and that this note matured and· was paid some days after the loss under the policy

occurred. There was also evidence tending to prove that this policy, previous to the loss, had been cancelled by the agents of the company under instructions from the company, and the unearned premium credited to the assured upon the agent's books. There was also evidence tending to show that the assured had been notified of such cancellation, but he denied ever having received such notice.

The court charged the jury, in substance, that if the agents of the company, acting for themselves, advanced the money for the premium to the company, and afterwards took Linton's note for the amount thereof as their own, and negotiated the same, that this was a sufficient compliance with the condition in the policy requiring the premium to be actually paid before the company should become liable; and the court also charged the jury that the company could not cancel the policy without notifying the assured and returning the unearned premium. We find no error in either of these charges. If the company actually received the premium, it was a matter of no sort of consequence who paid it. And they could not afterwards cancel the policy without notifying the assured, and refunding or offering to refund the unearned premium.

There was also evidence tending to show that it was agreed between Linton and the agents, that the latter should retain this policy until Mr. Curtis, the mortgagee, should call for it. And the court charged the jury that if the policy was held under such an arrangement for Mr. Curtis, and subject to his order, that this constituted a sufficient delivery of the policy.

An actual manual delivery of the policy was not necessary. There is no objection to the assured leaving the policy in the hands of the agents of the company subject to the order and control of a third person. If the agents agree to retain it under such circumstances, we can see no objection, and so far as a delivery is essential to the validity of the policy, this must be considered as sufficient, although such third party has not actually called for or received it.

The only other objection urged in this case is, that the company filed a petition and bond in the circuit court, for the purpose of removing this case to the United States court. These papers were filed in the circuit court December 20th, 1873. It does not appear from the record that any further or other steps were taken for the purpose of removing the cause. No motion was entered or made; the attention of the court does not seem to have in any way been called to this fact; and the parties afterwards, November 25th, 1874, proceeded to trial upon the merits without objection, or without questioning the jurisdiction of the court in any way. Whatever rights the company may have had upon filing this bond and petition it could waive, and it certainly, under the circumstances in this case, must be considered as having waived them. The company could not go to trial upon the merits, take its chances upon the results, and afterwards question the jurisdiction of the court.

Had the attention of the court been called to the fact that a proper petition and bond had been filed, and the court had nevertheless ordered the trial to proceed, there would then have been no reason for saying that the company had abandoned any of its rights.

As we find no error in the record, the judgment must be affirmed, with costs.

The other Justices concurred.