EDWARD J. BROWN *vs.* FRANKLIN MUTUAL FIRE INSURANCE COMPANY.

Suffolk.   November 25, 1895. — April 2, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Fire Insurance — Mutual Company — Oral Contract of Insurance — Evidence — Usage — Principal and Agent — Secret Limitation of Agent's Authority.*

In an action against a mutual fire insurance company upon an alleged oral contract of insurance, evidence of a general custom and usage, to the effect that persons authorized by such a company in this Commonwealth to solicit insurance can bind the company until notice of the refusal of the risk by the company is received by the agent and communicated to the person desiring insurance, is admissible.

There is nothing in St. 1887, c. 214, §§ 44, 45, relating to mutual fire insurance companies, nor in the by-law of such a company providing that "the directors may authorize the president and secretary to make insurance, and will issue policies at such rates of insurance and under such limitations and restrictions as they shall prescribe," which prevents the company from making an oral contract of insurance.

A limitation upon the authority of an agent of an insurance company, by private instructions given to him by the officers of the company, cannot bind a person with whom he makes an oral contract of insurance, if such person has no knowledge of the limitation.

CONTRACT, upon an alleged oral agreement to insure the plaintiff's property in Lynn against loss by fire.   Trial in the Superior Court, before *Blodgett,* J., who allowed a bill of exceptions, in substance as follows.

The plaintiff sought to recover, on the grounds that Thomas F. Porter was the general agent of the defendant company in Lynn, and as such authorized to bind the company, under the circumstances hereinafter stated; that, if Porter was not the general agent, his method of dealing with the plaintiff was sufficient to justify the jury in finding that he was held out by the defendant as having the authority claimed; that he was specifically authorized to bind the defendant to reinsure the plaintiff; and that there was a general custom and usage in the business that agents of mutual fire insurance companies, authorized to solicit insurance, could bind their companies, under the circumstances existing in the case at bar.

The plaintiff testified that two years before the loss, at the solicitation of Porter, he directed him to insure him in the defendant company for one year for the sum of one thousand dollars, and he afterwards received the policy, and paid Porter the premium therefor; that a week or ten days before the expiration of the policy, Porter called upon him and asked him if he wished it renewed, to which he assented, and shortly afterwards he received the new policy and paid the premium to Porter as before; that a week or ten days before the expiration of the second policy, Porter came to him and asked if he desired the policy renewed, to which he replied in the affirmative, and Porter agreed to renew it; that this second policy expired at noon on November 28, 1891, and that night the property insured was destroyed by fire; and that he made due proof of loss, and paid the premium agreed to Porter, but the defendant refused to issue the policy or make payment.

Porter, called by the plaintiff as a witness, testified to the various acts of holding himself out as agent of the defendant, such as advertising the same, displaying signs paid for by the company, and using stationery; and further testified that, when the defendant desired a renewal of any policy, it sent him a slip giving the name of the insured, the number of the policy, and the amount, without any remarks; that, in case the defendant did not desire a renewal, it sent him a similar slip with directions thereon not to renew; that a short time before the expiration of the plaintiff's first policy, he received a slip containing no instructions not to renew, and in consequence thereof he

renewed the insurance, as testified to by the plaintiff; that a short time before the expiration of the second policy, he received a similar slip from the defendant, containing no instructions not to renew, and in consequence thereof saw the plaintiff and asked him if he desired the policy renewed, to which the plaintiff replied that he did, and he (Porter) agreed to renew it; and that he sent notice to the defendant of having obtained a renewal of the plaintiff's policy on the afternoon of November 28, 1891, and on the following day notified the defendant of the destruction of the property.

The plaintiff further offered evidence of a general custom and usage in the business, that persons authorized by mutual fire insurance companies in Massachusetts to solicit insurance could bind the company until notice of the refusal of the risk by the company was received by the agent, and communicated to the person desiring the insurance or reinsurance. The defendant objected to the introduction of this evidence, but the judge admitted it; and the defendant excepted.

The defendant offered the testimony of two of its officers, that Porter's only authority was to solicit insurance; and that the application for a renewal sent by Porter was not received by the defendant until after the property was destroyed.

The defendant also introduced in evidence a by-law of the corporation, as follows: " The directors may authorize the president and secretary to make insurance, and will issue policies at such rates of insurance and under such limitations and restrictions as they shall prescribe." There was no evidence of any actual knowledge on the part of the plaintiff of any limitation upon the authority of Porter.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*G. D. Williams*, for the defendant.

*H. G. Allen & N. M. Nye*, for the plaintiff.

LATHROP, J. The only exception taken in this case by the defendant is to the admission of evidence of a general custom and usage to the effect that persons authorized by mutual fire insurance companies in Massachusetts to solicit insurance can bind the company until notice of the refusal of the risk by the company is received by the agent and communicated to the person desiring the insurance.

If this were a stock company there could be no doubt of the admissibility of such evidence. *Baxter* v. *Massasoit Ins. Co.* 13 Allen, 320. *Putnam* v. *Home Ins. Co.* 123 Mass. 324. *Baker* v. *Commercial Union Assurance Co.* 162 Mass. 358. And we see no reason why the same rule should not apply to a mutual insurance company unless there is something in the statutes or in the by-laws of the company which necessitates a different conclusion. A stock company may undoubtedly make an oral contract of insurance. *Sanborn* v. *Fireman's Ins. Co.* 16 Gray, 448, 454. *Emery* v. *Boston Marine Ins. Co.* 138 Mass. 398, 409. *Commercial Ins. Co.* v. *Union Ins. Co.* 19 How. 318. We find nothing in the St. of 1887, c. 214, §§ 44 and 45, to which we are referred by the defendant, which indicates that such an insurance cannot be effected, nor do we find anything in the by-law of the company which is stated in the exceptions that shows such a mode of insurance to be invalid. The by-law is: " The directors may authorize the president and secretary to make insurance, and will issue policies at such rates of insurance and under such limitations and restrictions as they shall prescribe." These are merely enabling words, and do not restrain the power which such a company has by law to make contracts. *Sanborn* v. *Fireman's Ins. Co.* and *Commercial Ins. Co.* v. *Union Ins. Co.*, *ubi supra.*

The case at bar differs essentially from *Brewer* v. *Chelsea Ins. Co.* 14 Gray, 203, and *Baxter* v. *Chelsea Ins. Co.* 1 Allen, 294, in each of which cases the by-law provided that before the policy should be delivered the assured should pay such premium and give such deposit note as the president and directors should determine. The effect of this by-law was held to be that the contract could not be completed nor the policy take effect until the premium was paid and the note given.

There was sufficient evidence in this case to warrant the jury in finding that Porter, if not the general agent of the company, was held out by the company as having authority to make such a contract as is alleged to have been made in this case, and as the evidence shows was made. If Porter's authority was limited by private instructions given to him by the officers of the company, this cannot bind the plaintiff if he had no knowledge of it. His authority " must be determined by the nature of his business

and the apparent scope of his employment therein. It cannot be narrowed by private or undisclosed instructions, unless there is something in the nature of the business or the circumstances of the case to indicate that the agent is acting under special instructions or limited powers." *Markey* v. *Mutual Benefit Ins. Co.* 103 Mass. 78, 92.                                *Exceptions overruled.*