## ATLAS INSURANCE COMPANY *v.* ROBISON.

### Opinion delivered April 4, 1910.

1. INSURANCE—BREACH OF WARRANTY—PLEADING.—Where a fire insurance company, sued on a policy, relies upon the breach of a warranty therein contained to the effect that the insured had no other insurance upon the property, in order to put in issue such alleged breach of warranty as a defense the facts constituting such breach should be specially pleaded. (Page 391.)

2. APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—A defense not pleaded nor relied upon in the lower court cannot properly be raised on appeal. (Page 392.)

3. INSURANCE—OVERVALUATION OF PROPERTY.—While a contract of insurance procured by making false statements as to the value of the property, with the fraudulent purpose of obtaining excessive insurance, would be void, the rule is otherwise where the false statement was made honestly and in good faith. (Page 393.)

Appeal from Bradley Circuit Court; *Henry W. Wells,* Judge; affirmed.

*Herring & Williams,* for appellant.

The policy was void because of the additional insurance. 72 Ark. 306; 100 N. Y. 451; 84 Ark. 186; 69 Ark. 489; 121 S. W. 1046.

*J. R. Wilson* and *J. E. Bradley,* for appellee.

There is evidence to support the verdict. It should not, therefore, be disturbed on appeal. 84 Ark. 78. The false statements must have been knowingly and wilfully made. 65 Ark. 352; 123 Mass. 280; 106 Ala. 351; 2 May, Ins. 477.

FRAUENTHAL, J. This was an action instituted by the plaintiff below, P. J. Robison, to recover upon an insurance policy for the loss of and damage to certain personal property caused by fire. On April 8, 1907, the Atlas Insurance Company issued to plaintiff its policy of insurance by which for a term of three years from that date it insured plaintiff against loss or damage by fire on property, consisting of household and kitchen furniture, beds, bedding, etc., in an amount not exceeding $1,500. On October 1, 1908, about 4 o'clock P. M.; the property was partially destroyed and damaged by fire. A verdict was returned in favor of the plaintiff for $561.30; and from the judgment entered thereon the defendant prosecutes this appeal.

There are two assignments of error specially urged by counsel for appellant upon this appeal why the judgment should be reversed. It is contended that by the terms of the policy it was provided that the entire policy should be void if the insured has or shall make or procure other and additional insurance on the property; that under the uncontroverted evidence there was other insurance on the property at the time of the fire, and that thereby the policy was avoided. The sole evidence upon which reliance is placed for this contention is the testimony of the plaintiff. The plaintiff testified that about two months prior to the issuance of the policy involved in this suit he was insured on this and other property in other companies, and at that time the agent of defendant solicited this insurance. He testified that he had three policies: one on his house and one on furniture and a policy in the Atlas Insurance Company. This is the full

extent of the evidence by which, it is now claimed, it is proved that at the time of the fire plaintiff had other insurance on the property. The plaintiff was not asked any more definitely as to these three policies; but his testimony was given in response to a question asked on his direct examination as to whether his insurance was solicited by the agent of defendant or sought after by himself. No question was asked of him relative to these policies upon cross examination; and he was not asked, either upon cross examination or upon the direct examination, whether at the time of the fire he carried these three policies or other insurance on this property. After carefully examining his testimony, we are of the opinion that the plaintiff was referring to policies carried by him on his property prior to the issuance of the policy involved in this case when he speaks in his evidence of other policies, and that his testimony does not prove that he had other insurance on the property involved in this suit at the time of the issuance of the policy by defendant thereon or at the time of the fire.

Furthermore, we are of opinion that this question or contention was not raised or presented in the lower court. In its answer the defendant did not plead specifically as a defense that the plaintiff had or procured other insurance on the property, and that thereby the policy was avoided. It only denied generally that plaintiff had fulfilled or complied with the conditions or warranties of the policy. Where the defendant relies upon a breach of a warranty or condition in such a contract as this, it should allege the warranty or condition which it claims was violated, and should state the facts constituting such violation. In order to put in issue such alleged breach of the contract as a defense, the facts constituting such breach should be specially pleaded. 19 Cyc. 936; *Kansas City & Gulf Rd. Co.* v. *Pace,* 69 Ark. 256; *Missouri & N. A. Rd. Co.* v. *Pullen,* 90 Ark. 182.

Not only did the defendant fail to set out in its answer this alleged violation of the policy, but upon the trial it did not request any instruction thereon, nor was any instruction given to the jury on this question. This issue is now made for the first time in this court. A defense not pleaded or relied upon in the lower court cannot properly be raised and relied upon

in this court. *State Mutual Ins. Co.* v. *Latourette,* 71 Ark. 242; *St. Louis, I. M. & S. Ry. Co.* v. *Boback,* 71 Ark. 427; *Shirey* v. *Clark,* 72 Ark. 539; *Newton* v. *Russian,* 74 Ark. 88; *Greenwich Insurance Co.* v. *State,* 74 Ark. 72; *Schenck* v. *Griffith,* 74 Ark. 557; *Planters' Mutual Ins. Co.* v. *Hamilton,* 77 Ark. 27.

We do not think that the issue that the policy was violated because plaintiff had or procured other insurance on the property involved in this suit was raised or relied on in the lower court, nor are we of the opinion that such an issue was sustained by the evidence adduced upon the trial of the case.

The defendant alleged in its answer as a defense to a recovery that the plaintiff had knowingly and wilfully made false representations as to the value of the property in order to obtain excessive insurance thereon. This issue was submitted to the jury on appropriate instructions. The evidence on the part of the plaintiff tended to prove that, prior to the issuance of the policy, the agent of defendant had seen the furniture and property covered by the policy. At the time the insurance was written the agent stated that in his opinion the property was of the value of $2,000, and plaintiff thought it was of the value of $1,500. The jury was warranted in finding from the testimony in the case that the plaintiff did not misstate the value of the property; or, if he did, that he was honest in his estimate of its value. If the insured should secure the contract of insurance by reason of false statements made by him relative to the value of the property with the fraudulent purpose of obtaining excessive insurance, the policy may by such fraud be avoided; but an overvaluation made by him honestly and in good faith could not have such effect. 19 Cyc. 688. *German Ins. Co.* v. *Brown,* 75 Ark. 251.

There are other assignments of error suggested by counsel for appellant, but we do not think that any of these is founded upon merit; and we do not think that it would serve any useful purpose to here set them out or to discuss them. We think that there is sufficient evidence to sustain the jury in their finding as to the amount of the loss and damage.

The judgment is affirmed.