[No. 13586.    Department Two.    April 12, 1917.]

R. M. RAMAT et al., Respondents, v. CALIFORNIA INSURANCE
COMPANY OF SAN FRANCISCO, Appellant.[1]

INSURANCE—FIRE INSURANCE—POLICY — BREACH OF CONDITIONS —
OTHER INSURANCE. Notwithstanding Rem. Code, § 6059-106, requir-
ing all fire insurance policies to be issued on the New York stand-
ard form, and Id., § 6059-191, making it a penal offense to use any
other form, there may be an oral waiver of the standard form pro-
vision to the effect that the policy shall be void in case of other in-
surance; in view of 3 Rem. & Bal. Code, § 6059-34, which provides
that no oral or written misrepresentation or warranties made in the
negotiation shall be deemed material or avoid the policy unless made
with intent to deceive nor unless the breach existed at the time of
the loss and contributed thereto.

SAME—BREACH OF CONDITIONS — OTHER INSURANCE — EVIDENCE —
SUFFICIENCY. Where the assured informed the agent that he had
other insurance, a written warranty to the contrary was not made
with intent to deceive and did not contribute to the loss, within 3
Rem. & Bal. Code, § 6059-34, providing that such misrepresentations
must be made with intent to deceive and contribute to the loss in
order to avoid the policy.

SAME—PROOFS OF LOSS—WAIVER — STATUTES — EVIDENCE — SUFFI-
CIENCY. Under a liberal construction expressly required of 3 Rem. &
Bal. Code, § 6059-34, providing that no breach of warranty or con-
dition shall avoid the policy unless it existed at the time of the loss
and contributed thereto, the proofs of loss required by the standard
form of fire insurance policy to be furnished within sixty days may
be orally waived; and such waiver is shown where a statement of
the loss was furnished to the company's adjuster who misled the
assured to believe that the return made was a compliance with the
policy and that nothing further was necessary.

SAME—BREACH OF CONDITIONS—OTHER INSURANCE—PROOFS OF LOSS
—QUESTION FOR JURY. The breach of warranties and conditions in a
fire insurance policy in that the assured had other insurance upon
the property, and that sworn proofs of loss were not made within
the time required, are questions for the jury, where the testimony
of the assured that he informed the agent of the existence of other
insurance was denied by the agent and the evidence was also in con-
flict as to whether the regular sworn proofs of loss had been waived
by the adjuster.

[1]Reported in 164 Pac. 219.

Appeal from a judgment of the superior court for King county, Ronald, J., entered February 26, 1916, upon the verdict of a jury rendered in favor of the plaintiffs, in an action upon an insurance policy, tried on the merits. Reversed.

*H. T. Granger,* for appellant.

*Cole & Dolby,* for respondents.

FULLERTON, J.—On August 3, 1914, the respondent, plaintiff below, applied to the resident agent of the appellant at the city of Seattle for a fire insurance policy covering his household effects, then situate in a certain dwelling house in the city named. Insurance was granted him to the amount of $500, and later on a policy was made out and forwarded him, reaching him on the next day. He paid the required premium at the time of the application. The policy was in form that required by the statute—a form known as the New York Standard policy—and contained, among others, the following conditions:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

"If fire occur the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon; and, within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss thereon; all incum-

brances thereon; all other insurance, whether valid or not, covering any of said property."

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

The dwelling house, with its insured contents, was destroyed by fire on the evening of the day the respondent received the policy. The insured immediately notified the resident agent of the appellant of the happening of the fire, and furnished the adjuster to whom he was referred with a statement of his loss, but did not, within the sixty days prescribed by the conditions of the policy, render to the company the sworn statement therein required. It developed at the trial, also, that the respondent had insurance on the property in two other insurance companies; the one insuring it to the amount of $350, and the other to the amount of $250. The record does not make it very clear when this insurance was procured. It can be gathered, however, from the respondent's somewhat indefinite statements, that it was applied for on the same day that the respondent applied for the policy in suit. The respondent further testified that, at the time he applied for the insurance in question, he told the agent to whom the application was made that he had other insurance on the property. This testimony, however, was emphatically denied by the agent.

At the conclusion of the respondents' case in chief, the appellant moved for a nonsuit, and at the conclusion of the testimony, challenged its sufficiency to sustain a recovery against it, basing the motion and the challenge on the ground that evidence showed affirmatively that there had been no compliance with the conditions of the policy before quoted. The motion and challenge were overruled, and the cause submitted to the jury on the single question of the amount of the loss, the court ruling, as a matter of law, that there had been a waiver of the provisions of the policy making it void if the

insured then had or should thereafter acquire any other con-
tract of insurance on the property, and the condition that the
insured should within sixty days after a fire occurred render
to the company a sworn statement of the loss. The jury re-
turned a verdict for the full amount of the policy. Judgment
was entered in accordance with the verdict and the insurance
company appeals therefrom.

The appellant first assigns error upon the rulings of the
court refusing to sustain its motion for nonsuit and its chal-
lenge to the sufficiency of the evidence. The claim of error is
founded upon the provisions of the insurance code. That
code provides (Rem. Code, § 6059-106) that "on and after
January 1, 1912, no fire insurance company shall issue any
fire insurance policy covering on property or interest therein
in this state other than on form known as the New York
Standard, as now or may be hereafter constituted." Another
section (Rem. Code, § 6059-191) makes it a penal offense
punishable by fine for any insurance company or any agent
of any insurance company to knowingly and wilfully violate
such provision. The Standard Form policy of New York, at
the time this policy was issued, contained the provisions and
conditions we have heretofore quoted, and there is no conten-
tion that the policy issued was not otherwise in strict ac-
cordance with the requirements of the statute. It is argued
from this that the statute gives to these provisions of the
policy the force of positive law, making them controlling as
written; and hence there can be no oral waiver, or waiver by
acts, of such provisions, and that there can be no recovery
where it is made to appear that there is other insurance on
the property not provided by agreement indorsed on the pol-
icy or added thereto, or where it is made to appear that the
insured did not, within the time limited in the policy, render
to the company sworn proofs of the loss.

But the insurance code contains the following section:

"No oral or written misrepresentation or warranty made
in the negotiation of a contract or policy of insurance, by

the assured or in his behalf, shall be deemed material or defeat or avoid the policy or prevent it attaching, unless such misrepresentation or warranty is made with the intent to deceive. The breach of a warranty or condition in any contract or policy of insurance shall not avoid the policy nor avail the insurer to avoid liability unless such breach shall exist at the time of the loss and contribute to the loss; anything in the policy or contract of insurance to the contrary notwithstanding. In case a loss occurs while a breach of warranty exists, if it contribute to the loss, the insured shall only be entitled to recover the amount of insurance the premium paid would purchase at the rate that would be charged without the warranty. This section shall be liberally construed." 3 Rem. & Bal. Code, § 6059-34.

The code deals with fire, marine, and life insurance in its various forms. The section quoted is found among the general provisions applicable to the several kinds of insurance therein dealt with, and plainly constitutes a legislative rule of construction intended to be applicable to the several forms. The second sentence of the section, it will be observed, provides that the breach of a warranty or condition in any contract of insurance shall not avoid the policy nor avail the insurer to avoid liability, unless such breach shall exist at the time of the loss and contribute to the loss. Manifestly the provision of the policy to the effect that the policy should be void if the insured then had or should thereafter procure any other contract of insurance if not indorsed on the policy, was a condition in the contract of insurance. While it existed at the time of the loss, it is plain that it did not contribute thereto. It would seem to require no argument, therefore, to demonstrate that it was the legislative intent that the breach of such a condition should not avoid the policy. Nor is there anything in the other provisions of the section that would lead to a different result. If the respondent is to be believed, there was no intent or attempt to deceive. He informed the agent of the appellant of the additional insurance, and the policy of insurance was issued to him with full knowledge of such insurance.

It is our opinion, also, that the section is applicable to the other condition of the policy claimed to have been broken, namely, that sworn proofs of loss were not furnished within the sixty days. But here again there was evidence tending to show that the respondent was misled by the acts of the appellant's agents. There was testimony tending to show that, on the occurrence of the fire, he immediately notified the agent who issued to him the policy of insurance. This agent referred him to the company's adjuster, who requested a statement of the loss. This was furnished, and the matter proceeded until after the expiration of the sixty days before any information was given the insured that his acts were not considered by the company as a compliance with the policy. The jury, we think, would have been warranted in finding that the acts of the agents misled the respondent; that he was led by them to believe that the appellant treated the return actually made as a compliance with the policy, and was thereby lulled into the belief that nothing further on his part was necessary to be done in order to have the insurance adjusted. Under the decisions of this court based on the prior statutes, this court has held that there could be a waiver on the part of the company of similar conditions of an insurance policy, and that they were waived by acts similar to those shown in the present record. *Staats v. Pioneer Insurance Ass'n*, 55 Wash. 51, 104 Pac. 185.

It seems to us the same rule must obtain under the present statute. While the language of the section quoted may not meet the precise situation, it is especially provided that it shall be liberally construed, and the plain intent of the statute is that liability for losses shall not be avoided for a mere want of a literal compliance with the provisions of the policy which do not contribute to the loss or operate to the injury of the insurer.

It may be well to remark that, since the present policy was issued and the loss thereunder incurred, the section of the statute quoted has been amended in material particulars

(see Laws of 1915, p. 703; Rem. Code, § 6059-34) and that we do not here determine the effect of the amendment on the question urged by the appellant as to policies issued subsequent to the amendment.

We conclude, therefore, that the court did not err in refusing to grant the motion for nonsuit, or err in refusing to sustain the challenge to the sufficiency of the evidence.

The appellant next complains of the action of the court wherein it ruled that the question whether there had been a waiver of these conditions of the policy was one of law to be determined by the court. As we have said, the testimony of the respondent to the effect that he had informed the agent of the appellant that he had other insurance on the property at the time he applied for the insurance in question, was denied by the agent. There is room for two opinions, also, on the question whether the failure of the appellant to return the sworn proofs of loss was due to the fact that he had been misled by the agents of the appellant. To rule as it did, the court had to conclude either that the proofs were capable of but one construction, or that the facts were conceded. Neither of these conclusions was justified by the record. That the first was not, we have sufficiently shown. The second is founded upon a colloquy occurring between the court and the appellant's counsel at the conclusion of the evidence. The court at that time inquired of counsel whether or not the question of waiver was a question of law for the court or a question of fact for the jury, and seems to have assumed that counsel answered that it was a question of law for the court. But the answer was not thus unqualified. When the question was submitted to him in its general form, he answered that it was. After discussion, however, the court asked the further question: "Assuming that it can be waived by the adjuster, is the question whether the facts constitute a waiver a matter of law or not?" To this counsel answered: "Oh, I doubt that. I doubt that, when there is a conflict in

the proof. When there is no conflict in the proof, I would say it was a matter of law, but if there is a conflict in the proof—." Here he was interrupted by the court and did not finish his sentence, but the context makes it clear that he meant no more than to concede that the court could properly instruct the jury as to the legal effect of the facts as they found them proven, and did not mean that the court could decide on conflicting evidence that there had been a waiver of the conditions of the policy and withdraw the question entirely from the jury. That he did not think he was conceding the proposition, is further evidenced by the fact that he took exceptions to the instructions of the judge wherein he told the jury that there was but one question for them to decide, namely, the amount of the loss suffered by the respondents by reason of the fire.

But if it were concluded that the appellant did concede that the question whether or not the facts constitute a waiver of the conditions of the policy was to be determined by the court, we would be constrained to hold that the court erroneously determined the facts. Whether the respondent informed the agent of the additional insurance at the time of the application for the present insurance seems to us not to be free from doubt, even were we to look alone to his own testimony and disregard everything else. But there is the positive, emphatic denial by the agent that the respondent gave any such information. The burden was on the respondent to prove the issue, and to our minds this burden was not met. This would require a reversal with directions for a judgment in favor of appellant. But these were questions on which both sides are entitled to the verdict of the jury, and we prefer to hold there was a mistrial, requiring correction by a resubmission of the case to the jury, rather than to determine it on a doubtful construction of the record.

The judgment is reversed, and the cause remanded for a new trial.

MOUNT, PARKER, and HOLCOMB, JJ., concur.