[No. 17522. *En Banc.* September 17, 1923.]

KATIE M. KIDDER, *Respondent,* v. HARTFORD ACCIDENT &
INDEMNITY COMPANY, *Appellant.*[1]

INSURANCE (32)—ACCIDENT INSURANCE—ORAL CONTRACTS—VALIDITY—VIOLATION OF STATUTES—EFFECT ON CONTRACT. An oral contract of accident insurance is not affected in any manner by the fact that, after the making of the contract, the agent decided to change the insurance to another company and did so without notifying the insured.

SAME (32)—ORAL CONTRACTS—VALIDITY. Rem. Comp. Stat., § 7226, providing that no insurance company shall make any contract of insurance other than as expressed in the policy, and Laws 1911, p. 264, § 187, requiring a policy to be in a certain form, do not prohibit the making of an oral contract, there being no prohibition in the insurance code against such contracts, nor any provision that a violation of the code shall render the policy void (HOLCOMB and MACKINTOSH, JJ., dissenting).

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered May 13, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action on an oral contract of accident insurance. Affirmed.

*Post, Russell & Higgins,* for appellant.
*Donovan & Grant,* for respondent.

MITCHELL, J.—The parties to this suit present contrary views as to the permissibility of an oral contract of accident insurance in this state. In her complaint, Katie M. Kidder alleged that her husband entered into one with the Hartford Accident & Indemnity Company, in which contract she was named as the beneficiary, that, a few days thereafter, he was accidentally drowned, and that the company refused to pay her. On the trial of the case, there was a verdict and judg-

[1]Reported in 218 Pac. 220.

ment in her favor, from which the defendant has appealed.

R. J. Martin & Company were the local agents of appellant in Spokane. H. H. Bell was a stockholder and the treasurer of R. J. Martin & Company. He solicited accident insurance for the appellant, collected premiums, received and passed on applications and executed and delivered policies. No other officer or agent of the company was required to sign a policy with him. He called on Mr. Kidder and took his written and signed application for a policy for one year in the appellant company and arranged the fee or premium to his satisfaction, and told Mr. Kidder, upon inquiry, that he was covered by insurance from that time on, and testimony the jury was at liberty to believe was to the effect that the insured was never advised otherwise. He was drowned a few days later. No policy was ever issued. Upon taking the application to his office, the solicitor found a notice from his company, of which he knew nothing until that time, that the premium had been increased on risks of the class to which the applicant belonged, or rather the classification to which he belonged had been changed, and it was then the purpose of the agent to change the insurance to another company he represented that had not changed its rate or classification, but, as stated, the applicant was never made aware of, and hence did not consent to, such change.

The appellant contends that, under the insurance code of this state, all insurance companies dealing in accident insurance were required to file with the insurance commissioner rate schedules or a manual of risks and a copy of its form of policy, that it had complied with the law, and that it could not obligate itself except upon the issuance of a written policy at the rate filed.

In the case of *Way v. Pacific Lum. & Timber Co.*, 74 Wash. 332, 133 Pac. 595, 49 L. R. A. (N. S.) 147, there was called in question the provisions of the insurance code making it unlawful to sell insurance at less than the scheduled rate. It was held in that case that error lies in the assumption that the contract between the agent and the insured was void, whereas the rule is that a contract which violates a statutory regulation of itself is not void unless made so by the terms of the act. It is not claimed, as we understand, that there is any provision of the insurance code which for that reason either avoids or prohibits an oral contract of insurance. The same reason applies to appellant's argument that there was no meeting of the minds of Mr. Kidder and of the agent at the time the application was taken and the premium arranged for, and hence no contract. It appears from the testimony, however, that they did have an understanding on all of the essentials of their contract, and the fact that the agent decided afterward to change the insurance to another company, for the reasons we have stated, in no way affected the rights of the appellant or his beneficiary.

But, more pointedly to the question of an oral contract of accident insurance in this state: The insurance code, as such, was enacted in 1911, Laws of 1911, ch. 174, p. 161, found in its present form in Rem. Comp. Stat., §§ 7032-7298, and regulates rather fully the whole field of the different kinds of insurance. In the original act (Laws of 1911, pp. 242-259, §§ 103 to 179), relate to fire and marine insurance; Laws of 1911, pp. 260-264, §§ 180 to 186 relate to life insurance, and Laws of 1911, pp. 264-268, §§ 187 to 191 relate to health and accident insurance. A part of § 180 of the act of 1911 is quoted by appellant as follows: "No life insurance company doing business in this state

shall make or permit any distinction or discrimination
. . . . nor shall any company or agent, sub-agent,
or broker, make any contract of insurance or agree-
ment as to such contract, other than is plainly ex-
pressed in the policy issued thereon; . . . .''
[Rem. Comp. Stat., § 7226] and relied on.

While it is true the section is found in a division
of the whole act devoted to life, health and accident,
that division is again subdivided, without so stating
it, so that, as already noticed, §§ 180 to 186 relate to
life insurance and §§ 187 to 191 relate to health and
accident insurance. The words ''discrimination pro-
hibited'' constitute the heading of § 180, and, with-
out setting out all of the section, it appears to be:
plain that it is a regulation designed to prohibit dis-
crimination in the sale of life insurance, and does not
in any way or manner prohibit or directly or indirectly
touch upon the question of an oral or other contract
of accident insurance.

Again, appellant quotes and relies on a portion of
§ 187 of the act of 1911, as follows:

''No policy of insurance against loss or damage from
disease or by bodily injury by accident, or both, of the
assured, shall be issued or delivered in this state until
a copy of the form thereof and the table of rates or
manual of risks of the company has been filed at least
thirty days with the commissioner, . . . . *Pro-
vided,* . . . . nor shall such policy be so issued
or delivered unless every portion, except the questions
and answers in the application is plainly printed in
type not smaller than long primer or ten point type,
nor unless all exceptions and conditions are printed
with the same prominence as the benefits to which such
exceptions and conditions shall apply, nor unless it
contains in substance the following provisions.''

This section deals with written health and accident
policies and has nothing to do with oral contracts

therefor. Suppose that a health and accident policy were written and delivered in violation of the terms of the section, there is nothing in the section which provides that the policy shall be void, for "the rule is that a contract which violates a statutory regulation of business is not void unless made so by the terms of the act." *Way v. Pacific Lum. & Timber Co., supra.*

In the case of *Ogle Lake Shingle Co. v. National Lum. Ins. Co.,* 68 Wash. 185, 122 Pac. 990, this court said: "It is now well established that contracts of insurance may rest in parol." While it is true the cases from this court referred to were fire insurance cases, we are aware of no reason why the rule should be different in accident insurance cases, under our statutes. All of them are governed by the rule stated in Sutherland, Statutory Construction, quoted in *Way v. Pacific Lum. & Timber Co., supra,* as follows:

" 'When a statute is . . . a regulation of a traffic or business, and not to prohibit it altogether, whether a contract which violates the statute shall be treated as wholly void will depend on the intention expressed in the particular statute. Unless the contrary intention is manifest the contract will be valid.' "

As hereinbefore stated, we find in the insurance code no prohibition against oral contracts of accident insurance. The situation then is as that described by the supreme court of the United States in the case of *Relief Fire Ins. Co. v. Shaw,* 94 U. S. 574, 24 L. Ed. 291, wherein, in discussing a statute of Massachusetts, it was said:

"It is contended, however, that there is a statute of Massachusetts which, in effect, requires that all contracts of insurance shall be in writing; . . . .

"It is evident that the object of this statute was, not to prohibit parol contracts of insurance, but to prohibit the practice of referring to a set of conditions

not contained and set out in the policy, but embodied in some other paper or document. The statute was passed for the benefit of the insured, in order that they might not be entrapped by conditions to which their attention might never be called, and which they might inadvertently overlook and disregard, if they were not embraced in their policies. It applies in terms only to policies, that is, to written contracts of insurance; and has no application whatever to parol insurances. It does not prohibit them, nor affect them in any way.''

From an examination of the whole of the record in this case, and upon the law, we conclude the judgment should be, and it is, affirmed.

MAIN, C. J., PEMBERTON, PARKER, and TOLMAN, JJ., concur.

BRIDGES, J. (concurring)—I concur in the foregoing opinion on the ground that the insurance contract involved in this case was in writing. The application, which was in writing, called for the issuance of policy No. 730, for a definite amount of insurance. As shown in the opinion, § 187 of the Laws of 1911, p. 264, provides that no policy of the character here involved shall be issued or delivered ''until a copy of the form thereof . . . has been filed at least thirty days with the commissioner,'' and provides in great detail the kind and character of the policy and what it shall contain. In other words, the policy called for by the written application was well known to the parties, and we must assume that its terms were understood by them. Indeed, while no policy was actually delivered in this instance, yet we find in the record the form of policy contemplated by the application. To my mind, it cannot therefore be said that the contract of insurance in this case was oral. I reserve an expression of my views as to whether oral contracts of insurance in this state are enforcible.

HOLCOMB, J. (dissenting)—I have grave doubts as to whether it ought to be said that there was ever any meeting of minds between appellant and the insured as to the premium, the duration of the risk, and the terms of insurance. I also have grave doubts as to whether it ought to be said that the agent of appellant was authorized to make such a contract as was here sued upon as an oral contract of insurance, or any but a written contract.

I am also of the opinion that § 187 (Laws of 1911, p. 264), of the insurance code should apply to such policies, which prohibits such insurance from going into effect, as I understand it, until the policy is issued and delivered.

While not positively satisfied as to my position, I feel obliged to dissent.

MACKINTOSH, J., dissents.