## NATIONAL LIBERTY INS. CO. OF AMERICA v. MILLIGAN.

(Circuit Court of Appeals, Ninth Circuit. January 18, 1926.)

No. 4681.

**1. Insurance �findex131(1)—In absence of prohibitory statute, oral contracts of insurance are valid and enforceable.**

In absence of prohibitory statute, oral contracts of insurance are valid and enforceable.

**2. Insurance ⚫131(1)—Washington statute held not to prohibit oral contracts for fire insurance.**

Rem. Comp. Stat. Wash. § 7152, providing "no fire insurance company shall issue any fire insurance * * * other than on the form known as the New York standard form, * * *" does not prohibit oral contracts for fire insurance.

**3. Courts ⚫366(1)—Federal courts, in construing state statute, are bound by construction placed thereon by Supreme Court of state involved.**

Federal courts, in construing state statute, are bound by construction placed thereon by Supreme Court of state involved.

**4. Insurance ⚫131(2)—Fire insurance agent held authorized to bind his principal by oral contract for limited time.**

Fire insurance agent, duly licensed under Sess. Laws Wash. 1923, p. 54, § 1, *held* authorized to bind his principal by oral contract of insurance for limited period of three days, which intervened between making of application and contract and fire, which destroyed insured property.

**5. Insurance ⚫131(2)—Extent of apparent authority determines whether fire insurance agent has authority to bind his principal by oral contract.**

Extent of apparent authority is material question, in determining whether fire insurance agent has authority to bind his principal by oral contract.

**6. Insurance ⚫131(1)—Oral contract of insurance is presumed to contemplate issuance of a policy in usual form.**

Oral contract of insurance is presumed to contemplate issuance of a policy in usual form.

**7. Insurance ⚫645(3)—Defenses in action on oral contract of fire insurance held not available for want of pleading.**

In action on oral contract of fire insurance, defenses that oral contract presumably contemplated issuance of policy, in usual form, containing provisions declaring policy void if other insurance existed or was obtained, or if insured property was incumbered by mortgage, both of which conditions existed, *held* not available for want of pleading.

**8. Insurance ⚫640(2)—Breach of condition or warranty in policy is affirmative defense, required to be pleaded.**

Breach of condition or warranty in insurance policy is affirmative defense, which must be pleaded by insurer.

**9. Insurance ⚫645(5)—Pleadings and proof, in action on oral contract of insurance, held not at fatal variance.**

Pleadings and proof, in action on oral contract of insurance, *held* not at fatal variance.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; George M. Bourquin, Judge.

Action by W. A. Milligan against the National Liberty Insurance Company of America. Judgment for plaintiff, and defendant brings error. Affirmed.

This is an action on an oral contract of insurance on a hotel at Morton, Wash., and its contents. Judgment was entered on a verdict for defendant in error, hereinafter called plaintiff, and the defendant brings the case here on writ of error.

Battle, Hulbert, Gates & Helsell, Robt. A. Hulbert, and Fred G. Clarke, all of Seattle, Wash., for plaintiff in error.

Elias A. Wright and Sam A. Wright, both of Seattle, Wash., for defendant in error.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

McCAMANT, Circuit Judge. Plaintiff's testimony tended to prove that on the 23d of July, 1924, he agreed orally with E. R. Voorhees, defendant's agent at Morton,

Wash., to take fire insurance in the sum of $6,000 on his hotel at Morton, Wash., and insurance in the sum of $4,000 on the furniture and fixtures therein. The premium was to be $500, payable within 60 days, and the insurance was to be written in the defendant company. At the conclusion of the interview plaintiff testifies that he asked Voorhees, "When will this take effect?" and that Voorhees answered, "Right now; you are insured right now; I will date it at 12 o'clock noon to-day, and if your building burns down to-night you will get every dollar of your insurance."

There was further testimony with reference to a telephone conversation had by Voorhees on the 23d of July with defendant's general agency at Seattle. Miss Mackie, telephone operator at Morton, testified that Voorhees reported the insurance as effective, and asked for the form of policy on which to write the contract. The testimony of Voorhees was in conflict with that of plaintiff and Miss Mackie. Plaintiff testified to further conversations with Voorhees on the 23d and the 25th of July, at which Voorhees told him that he had not yet received the policy from Seattle, but was expecting it. On the night of the 25th, the hotel and its contents were destroyed by fire.

A letter was received in evidence, written by Voorhees, under date of July 23, to Lamping & Co., Inc., defendant's general agent at Seattle. This letter was a mere transmission of a proposal of insurance. On the same day Lamping & Co., Inc., wrote a letter to Voorhees, declining to write the policy, and requesting cancellation of a $1,200 policy defendant was then carrying on the hotel furniture. A similar letter was written by Lamping & Co., Inc., under date of July 25. Voorhees testified that he received these letters after the fire. There was no testimony that plaintiff was notified before the fire of defendant's refusal to carry the risk. The verdict determines the controverted facts in plaintiff's favor. Defendant tendered the agreed premium shortly after the fire; his certified check was retained by Voorhees for a long time, and was eventually returned to him.

[1, 2] Defendant contends that an oral contract for fire insurance is unlawful under the laws of Washington. In the absence of a statute prohibiting the execution of oral contracts of insurance, such contracts are valid and enforceable. 14 R. C. L. 881; 32 C. J. 1113; Park & Pollard Co. v. Agricultural Co., 238 Mass. 187, 130 N. E. 208;

Georgia Casualty Co. v. Bond-Foley Lumber Co., 187 Ky. 511, 219 S. W. 442; Lea v. Atlantic Fire Co., 168 N. C. 478, 84 S. E. 813. The rule in Washington accords with that announced by the foregoing authorities. Waldron v. Home Mutual Ins. Co., 16 Wash. 193, 196, 47 P. 425; Thompson v. Germania Co., 45 Wash. 482, 88 P. 941.

Defendant bases its contention on the insurance Code of Washington, and particularly on section 7152, Remington's Compiled Statutes, which is in part as follows: "On and after January 1, 1912, no fire insurance company shall issue any fire insurance policy covering any property or interests therein in this state other than on form known as the New York standard form, as now or may be hereafter constituted."

A similar statute in the state of Oregon has been construed in accordance with defendant's contention. Salquist v. Oregon Fire Relief Association, 100 Or. 416, 197 P. 312. In several other jurisdictions the courts have held legislation of this character applicable only to the policies when written, and not prohibitory of oral contracts. Lea v. Atlantic Fire Ins. Co., 168 N. C. 478, 84 S. E. 813; Republic Insurance Co. v. Poole (Tex. Civ. App.) 257 S. W. 624; Milwaukee Bedding Co. v. Graebner, 182 Wis. 171, 196 N. W. 533.

[3] The question involves the construction of a Washington statute, and the federal courts are bound by the construction given the statute by the Washington Supreme Court. In Day v. St. Paul Fire & Marine Ins. Co., 111 Wash. 49, 51, 52, 189 P. 95, 97, the court held the statute of which section 7152, supra, is a part, to be "a complete act in itself," "intended to cover the entire insurance relationship." The Washington court has held, since the enactment of this statute, that the insurer may orally waive the provision in the standard form of policy providing for forfeiture in case there is other concurrent insurance not assented to by the insurer, Workman v. Royal Exchange Assurance, 96 Wash. 559, 165 P. 488; also that the insurer may orally waive the provision requiring sworn proofs of loss, Ramat v. California Insurance Co., 95 Wash. 571, 576, 164 P. 219; and the provision avoiding the policy if the building covered is on leased ground, Gregerson v. Phenix Fire Co., 99 Wash. 639, 641, 170 P. 331, L. R. A. 1918E, 521.

In Kidder v. Hartford Accident & Indemnity Co., 126 Wash. 478, 480, 218 P. 220, 221, it is held that the Insurance Code does not forbid an oral contract of accident

insurance. The section of the statute construed in this decision was as follows: "No life insurance company doing business in this state shall make or permit any distinction or discrimination * * * nor shall any company or agent, sub-agent, or broker, make any contract of insurance or agreement as to such contract, other than is plainly expressed in the policy issued thereon."

The latest expression of the Washington court is found in M. R. Smith Lumber & Shingle Co. v. Netherlands Fire & Life Ins. Co., 238 P. 565. This decision makes no reference to section 7152, Remington's Compiled Laws, but it does hold that an oral contract of fire insurance is lawful in the state of Washington. This is, in effect a construction of the Washington statute, binding on the federal courts.

[4] It is also contended by the defendant that Voorhees had no authority to bind it by an oral contract of insurance. He testified that he had never had in his possession blank insurance policies of the defendant, that he was a mere soliciting agent, and that all his applications were submitted to Lamping & Co., Inc., for acceptance or rejection. This testimony was corroborated by Edward Lamping, of Lamping & Co., Inc. There is authority for the proposition that a mere soliciting agent cannot bind his principal by an oral contract of insurance. 1 Cooley's Briefs on Insurance, 347; Mulrooney v. Royal Insurance Co. (C. C.) 157 F. 598, 606; Agricultural Ins. Co. v. Fritz, 61 N. J. Law, 211, 39 A. 910, 912.

[5] In this class of cases the material question is the extent of the apparent authority of the agent. 1 May on Insurance (3d Ed.) 126; Brown v. Franklin Mutual Co., 165 Mass. 565, 43 N. E. 512; Shelby v. Connecticut Fire Co. (Mo. App.) 262 S. W. 686. In 1 May on Insurance, § 126, it is said: "The authority of an agent must be determined by the nature of his business, and is prima facie coextensive with its requirements. * * * His power cannot be limited by special private instructions, unless the insured has notice, or there is something in the nature of the business, or the circumstances of the case, to indicate that the agent is acting under special instructions."

In Union Mutual Insurance Co. v. Wilkinson, 13 Wall. 222, 235 (20 L. Ed. 617), Mr. Justice Miller says: "The powers of the [local] agent are, prima facie, coextensive with the business intrusted to his care, and will not be narrowed by limitations not communicated to the person with whom he deals." To the same effect, see Brown v. Franklin Mutual Fire Ins. Co., 165 Mass. 565, 43 N. E. 512, 52 Am. St. Rep. 534; Charles H. Dresser & Son v. Allemannia Fire Co., 101 Conn. 626, 126 A. 912. There is no evidence that plaintiff was advised of the lack of authority now relied on by the defendant.

Plaintiff proved that defendant, under date of March 21, 1924, had requested the insurance commissioner to issue an agent's license to Voorhees. By the Washington statute approved February 23, 1923, an agent is defined to be "a person * * * duly authorized and commissioned by an insurance company, to solicit applications for and effect insurance in the name of the company, and to keep a complete record of all such transactions, and to discharge such other duties as may be vested in or required of the agent by said insurance company." Sess. Laws Wash. 1923, p. 54, § 1. This request, which was complied with, was a holding out of Voorhees as authorized to effect insurance in the defendant company. There was further evidence that Voorhees was accustomed to countersign and deliver policies to his customers; also that he collected the premiums. Mr. Lamping further testified that policies written on applications presented by Voorhees would customarily be dated as of the date of the applications. It is manifestly unfair for an insurer to charge a premium for insurance dating from the application, if the insured is without protection until the policy is delivered, some days subsequent thereto. It is held by the Wisconsin and Minnesota courts that such a practice is a holding out of the local agent as authorized to protect the insured by oral contracts in the interim between the date of the application and receipt of advices from the general agents with reference to the acceptance or rejection of the risk. Milwaukee Bedding Co. v. Graebner, 182 Wis. 171, 196 N. W. 533; Koivisto v. Bankers' Insurance Co., 148 Minn. 255, 181 N. W. 580. The authority of the agent, based on this practice, is limited to protection for the few days reasonable to be allowed for transmission of the application and receipt of advices as to the pleasure of the insurer. Continental Insurance Co. v. Schulman, 140 Tenn. 481, 205 S. W. 315. We are in accord with the rule announced by the Wisconsin, Minnesota, and Tennessee courts. Other cases supporting the proposition that this oral contract of insurance was within the scope of Voorhees' apparent authority are

Georgia Casualty Co. v. Bond-Foley Lumber Co., 187 Ky. 511, 219 S. W. 442; Sheets v. Iowa State Insurance Co., 153 Mo. App. 633, 135 S. W. 80, 84.

The trial court charged that Voorhees, as a matter of law, was empowered to bind the defendant by the contract of oral insurance relied on. The oral contract antedated the fire by three days only. For reasons above stated, we think Voorhees was authorized to bind his principal for this limited period.

[6, 7] The presumption is that an oral contract of insurance contemplates the issuance of a policy in the usual form. Agricultural Co. v. Fritz, 61 N. J. Law, 211, 39 A. 910; Duff v. Fire Association, 129 Mo. 460, 30 S. W. 1034; Connecticut Fire Co. v. Fields (Tex. Civ. App.) 236 S. W. 790, 792. Defendant relies on this presumption, and contends that the only policy which could have been issued was the New York standard form required by the statute. This form of policy contains the following provision: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." There is evidence that there was other insurance on plaintiff's property, and there is no evidence of waiver of the above provision.

The standard form of policy also contains the following provision: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the subject of insurance be personal property and be or become incumbered by a chattel mortgage." There is evidence that the personal property insured was incumbered with a chattel mortgage, and there is nothing to show that the above provision has been waived by defendant.

It is contended that for these reasons defendant's motion for a directed verdict should have been allowed. These defenses are not available to defendant under the pleadings. The answer denies most of the allegations of the complaint, and alleges affirmatively only that plaintiff set the fire which destroyed the insured property. There was no attempt to prove this affirmative defense.

[8] Plaintiff was not obliged to anticipate the defenses now relied on. It was sufficient for him to set up the oral contract, the fire, the proof of loss and the value of the property. Duff v. Fire Association, 129 Mo. 460, 30 S. W. 1034; Ganser v. Firemen's Fund Ins. Co., 34 Minn. 372, 25 N. W. 943. It is well settled that breach of condition or warranty is an affirmative defense, which must be pleaded by the insurer. 19 Cyc. 936; 33 C. J. 88, 89; 14 R. C. L. 1432; 2 Cooley's Briefs on Insurance, 1176; Marine Insurance Co. v. Hodgson, 6 Cranch, 206, 219, 3 L. Ed. 200; Guy v. Citizens' Mutual Co. (D. C.) 30 F. 695; Mulry v. Mohawk Valley Ins. Co., 5 Gray (Mass.) 541, 66 Am. Dec. 380, 381; Pino v. Merchants' Mutual Ins. Co., 19 La. Ann. 214, 92 Am. Dec. 529; French v. Fidelity Co., 135 Wis. 259, 115 N. W. 869, 17 L. R. A. (N. S.) 1011, 1013; Duff v. Fire Association, 129 Mo. 460, 30 S. W. 1034. This rule has been announced by the Washington Supreme Court. Ferrandini v. Bankers' Life Co., 51 Wash. 442, 446, 99 P. 6.

The above principle has been held to preclude the defense of avoidance because of incumbrances. Home Insurance Co. v. Curtis, 32 Mich. 402, 403. Also because of other insurance. Silver v. London Assurance Corporation, 61 Wash. 593, 597, 598, 112 P. 666; Smith v. Home Insurance Co., 47 Hun (N. Y.) 30, 42; Atlas Insurance Co. v. Robison, 94 Ark. 390, 127 S. W. 456, 457. The above rule is manifestly fair. Plaintiff was entitled to notice of these defenses, in order that he might plead waiver, or contest the facts relied on.

[9] It is contended that there is a variance between the allegations and the proof. In pleading the contract, plaintiff alleges: "That heretofore, to wit, on or about the 23d day of July, 1924, in consideration of the sum of five hundred dollars ($500) to the defendant, through its duly authorized agent, E. R. Voorhees, in hand paid by the plaintiff, the defendant did orally enter into a contract of fire insurance wherein and whereby the defendant agreed to and did insure the plaintiff against all direct loss of damage by fire for a period of one year from the 23d day of July, 1924, at noon, to the 23d day of July, 1925, at noon, to an amount not exceeding the sum of ten thousand dollars ($10,-000) in respect to the property insured," etc. We think plaintiff alleged a contract of present insurance, and that his proof tended to sustain his allegations.

We find no error, and the judgment is affirmed.