[No. 1226. Decided October 10, 1894.]

## C. W. WALDRON, *Respondent*, v. HOME MUTUAL INSURANCE COMPANY, *Appellant*.

INSURANCE — ACTION ON POLICY — DEFECTIVE PLEADING — CURER — EVIDENCE — VARIANCE.

In an action on a fire insurance policy the omission by plaintiff of allegations showing his insurable interest in the building at the time of the loss and of the value of the property destroyed are cured by the admission of evidence thereon without objection, and by the verdict.

In an action upon a fire insurance policy in which the complaint declares upon a contract for insurance upon a certain building to cover five hundred dollars at a premium of ten per cent., the plaintiff should be non-suited when the evidence shows that the contract for a policy was for one in the sum of six hundred dollars upon two buildings on the same lot.

*Appeal from Superior Court, Whatcom County.*

*Condon & Wright,* (*Bruce & Brown,* of counsel), for appellant.

*I. N. Maxwell,* for respondent.

The opinion of the court was delivered by

STILES, J.—The defects of the complaint caused by the omission to declare that the respondent had an insurable interest in the building at the time of the loss, and the failure to allege value, were cured by the admission of evidence on both points without objection at the trial, and by the verdict.

The respondent was the owner of certain buildings upon which he desired insurance, and he stated to certain local general insurance agents, who were the agents of the appellant, his wishes in the matter. These agents had transacted other insurance business with him, and it was the custom between them for him to make a merely oral application, whereupon the agents would prepare and deliver the policies at their leisure and send him a bill for the premium, which he was allowed sixty days to pay. No premium was paid, and no policy was issued, and one of the buildings burned.

The complaint declared upon a contract for a policy upon a certain two-story building, to cover five hundred dollars, at a premium of ten per cent. Upon the trial the evidence of the plaintiff upon cross examination clearly showed that the contract, if any, was for a policy upon two buildings upon the same lot, to cover six hundred dollars, at a premium of ten per cent., and that after the fire a tender was made of fifty dollars, only. Five hundred dollars was specified as the amount to be insured upon one building, and one hundred on the other. No application for leave to amend was made. A motion for a non-suit, upon the ground that a contract different from the one alleged had been proved, and that the tender of fifty dollars was insufficient, was denied. There was judgment for four hundred and fifty dollars, and the defendant appeals.

This motion should certainly have been sustained. But one contract was pleaded, and but one was proved, a different one from that alleged. Because one amount was to be insured on one building and another amount on another did not sever the transaction into two contracts, and the respondent would not have been entitled to two policies. This was not a mere variance, but proof of a totally different cause of action. Since time was given, and the payment of the premium became a mere debt, tender of the

amount was not necessary. *Cushing v. Williamsburg, etc., Ins. Co.*, 4 Wash. 538 (30 Pac. 736). But the tender made shows the attitude of the respondent. Sixty dollars was agreed to be paid, and but fifty was offered, which was as though the plaintiff had said: "I made a contract under which I was to pay sixty dollars, but, now that I have had a loss, and as the other building is not very valuable, I will hold you to your part of the bargain and pay you fifty dollars on that; but I will absolve myself from the rest of it and keep ten dollars of what I agreed to pay." If both buildings had burned it can hardly be doubted that the owner would have tendered the full premium, and come into court claiming six hundred dollars instead of five. If the small building only had been destroyed sixty dollars would have paid more than half the loss; but according to the rule adopted in this case, the owner could have receded from part of the contract, and by tendering ten dollars have made the actual loss of the insurer ninety instead of forty dollars. Certainly such a system would cause the plan of allowing credit for insurance premiums to be withdrawn with great alacrity.

Judgment reversed, and cause remanded with directions to sustain the motion for a non-suit.

HOYT and ANDERS, JJ., concur.

DUNBAR, C. J., concurs in the result.