[No. 2322. Decided December 14, 1896.]

C. W. WALDRON, *Respondent*, v. HOME MUTUAL IN-
SURANCE COMPANY, *Appellant.*

FIRE INSURANCE — ORAL CONTRACT — LIABILITY OF COMPANY—BURDEN
OF PROOF — WEIGHT OF TESTIMONY.

Where there is an oral contract entered into for insurance, all
the essentials having been agreed upon, and loss occurs before the
policy is actually issued or delivered, the contract is binding upon
the insurance company in accordance with the terms of the agree-
ment, just as though the policy had been issued.

The plaintiff in an action against an insurance company on an
oral contract of insurance is not required to prove by clear and con-
clusive proof that such contract was made, but, so far as the weight
of testimony is concerned, stands in the same position as any liti-
gant having the burden of proof in matters where the question of
proof is submitted to a jury.

The fact that the testimony of a witness is in the form of a dep-
osition, or of an admission, for the purpose of avoiding a continu-
ance, that the witness, if present, would swear to a certain state of
facts, will not give it greater weight than the testimony of a witness
present in person, but the jury have a right to weigh it as they do
any other testimony in the case.

Appeal from Superior Court, Whatcom County.—
HON. JOHN R. WINN, Judge.   Affirmed.

*Condon & Wright*, for appellant :

While the courts of last resort have properly sus-
tained oral contracts for insurance, they have been
careful to require the plaintiff upon such an oral con-
tract to prove by clear and conclusive proof that such
contract was made.   The burden of proving the bind-
ing and completed parol contract is on the plaintiff,
and the defendant is entitled to the benefit of the
doubt.   *McCann v. Ætna Ins. Co.*, 3 Neb. 198; *Din-
ning v. Phœnix Ins. Co.*, 68 Ill. 414; *Suydam v. Colum-
bus Ins. Co.*, 18 Ohio, 459; *Smith v. State Ins. Co.*, 58

Iowa, 487; 1 Wood, Fire Insurance (2d ed.), pp. 37–40, note 3; *Todd v. Piedmont, etc., Ins. Co.,* 34 La. An. 63; *Barr v. Insurance Co.,* 61 Ind. 488.  The proof may be by parol, but must be clear and conclusive. *Neville v. Merchants', etc., Ins. Co.,* 19 Ohio, 452; *New England, etc., Ins. Co. v. Robinson,* 25 Ind. 536; *Kelly v. Connecticut Ins. Co.,* 10 Bosw. 82.  If the evidence is conflicting, no bill in equity will lie and no action at law.  *Strohn v. Hartford Ins. Co.,* 37 Wis. 628 (19 Am. Rep. 777); *Hartford Ins. Co. v. Wilcox,* 57 Ill. 180; 1 Wood, Fire Insurance (2d ed.), p. 41.

*Maxwell & Romaine,* for respondent:

Upon the point that an insurance company is liable for loss, upon an oral contract as though a policy had been issued, counsel cite *Hardwick v. State Ins. Co.,* 26 Pac. 841 and 31 Pac. 656; *Campbell v. American Fire Ins. Co.,* 40 N. W. 661; *Davenport v. Ins. Co.,* 17 Iowa, 276; *Audubon v. Ins. Co.,* 27 N. Y. 216; *Fish v. Cottenet,* 44 N. Y. 538; May, Insurance, § 565; 1 Wood, Insurance, § 20.  That in such cases the insured is not bound by any conditions usually contained in the policies of the company, as to the manner of furnishing proof of loss, etc., as a condition precedent to a right of action upon such oral contract.  *Baile v. Ins. Co.,* 73 Mo. 371; *Ins. Co. v. Robinson,* 56 Pa. St. 266.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought by C. W. Waldron against the Home Mutual Insurance Company, upon an alleged contract for insurance in the appellant company upon a certain two-story frame building in Whatcom county.  The contract is alleged to have been made between the respondent and the firm of McLennan & Reed, agents of the appellant

company, at Fairhaven, Washington, on the 12th day of September, 1892. No policy was ever written or issued by appellant or by any of its agents. On the 17th day of September, A. D. 1892, the said two-story frame building was destroyed by fire. The answer denies generally all the allegations of the complaint. On trial by jury verdict was rendered against the defendant and judgment was entered for the sum of $552.72 and interest, and an appeal was taken.

This cause was before this court in October, 1894, the report of which is in 9 Wash. 534 (38 Pac. 136). In the trial upon which that appeal was based, the judgment was rendered for the respondent as in this case, but the cause was reversed and sent back for a new trial, for the reason that there was a variance between the contract declared upon and the contract proved, in that the contract declared upon was for the insurance of one building in the sum of $500, while the evidence showed a contract to insure two buildings, one for $500, and one for $100. The reversible error has been obviated in this case.

The appellant's assignments of error based upon erroneous admission of testimony are not, in our opinion, meritorious; the questions were admissible and, therefore, the appellant was in no way prejudiced. There was an assignment in this connection, namely, that the court erred in permitting the respondent to testify as to what the agent told him concerning the company's claim that the policy had not been delivered, on the ground that the company could not be bound by the statement of the agent, which might have some weight if it were founded upon the record; the record shows, however, that this was not a statement of the agent which was intended to bind the company, but simply a statement of what the com-

pany itself gave as a reason for not adjusting the loss.

The answer in this case raised a direct issue as to the main fact stated in the complaint, viz., that the appellant had agreed to insure the building and had taken the application for such insurance. It is undoubtedly well established law that where there is an oral contract entered into for insurance, all the essentials having been agreed upon, and loss occurs before the policy is actually issued or delivered, the contract is binding upon an insurance company in accordance with the terms of the agreement, just as though the policy had been issued. 1 May, Insurance, §§ 20–23; 1 Wood, Insurance, § 20.

Indeed, this proposition is not disputed by the appellant, but his claim is that the law requires the plaintiff upon such an oral contract to prove by clear and conclusive proof that such contract was made. The burden of proving this contract is, of course, upon the plaintiff, as the burden is upon any litigant to prove an affirmative proposition, but we know of no reason why there should be a distinction, so far as the weight of testimony is concerned, between this and any other case where the question of proof is submitted to a jury.

In this case the agent of the company was not present, and an affidavit was offered by the appellant, setting up the fact that the agent, if present, would swear virtually in opposition to the statement made by the respondent concerning the contract. It was admitted by the respondent that the witness, if present, would swear as indicated by the affidavit. Now, it is contended by the appellant that, inasmuch as there is a direct conflict between the only persons having a knowledge of the facts, who testified at the trial of this case, that if the witness McLennan could

have been produced upon the witness stand so that the court or jury could have found anything in his appearance, manner of testifying, or the testimony given by him to warrant them in discrediting his statement in any manner, that the preponderance of the evidence necessary to sustain the respondent's case might be admitted; but that inasmuch as he was not present and it was admitted that, if present, he would testify to the facts set forth in the affidavit, the jury has no right to discredit his testimony, and that therefore it can not be said that the respondent has sustained his duty of proving his contract by preponderance of the evidence.   We think it would certainly be the announcement of a novel doctrine that the weight of testimony can be increased by producing it in the form of a deposition or by an admission (for the purpose of avoiding a continuance) that the witness, if present, would swear to a certain state of facts.   This testimony, like any other in the case, goes to the jury and they have a right to weigh it as they do any other testimony in the case, although it may be more difficult to weigh it correctly than it is to weigh the testimony of a witness who appears in proper person before them.

But it is all a question of fact for the jury to pass upon, and the testimony being conflicting, and the jury, under proper instructions, having rendered their verdict presumably based upon the weight of testimony, and there being sufficient testimony on the part of the plaintiff to sustain the verdict, under the uniform rulings of this court, the judgment will not be disturbed.   Finding no error in the record, the judgment will be affirmed.

SCOTT, ANDERS and GORDON, JJ., concur.