BLOUNT *v.* EAMES.

EQUITY—CLEAN HANDS — PARTICIPATION IN ILLEGAL PROCEEDING
—ESTOPPEL TO ALLEGE FRAUD—INDEPENDENT FRAUD.

Complainant's father, after conveying his homestead in trust for his wife, died intestate and insolvent and his wife was appointed administratrix. Subsequently she received a conveyance of the homestead from the trustee and sold it to complainant. Later complainant, in reliance on misrepresentations by her brother as to her legal rights, participated in proceedings culminating in the sale of the property at' administrator's sale as the property of the estate, at which the brother bought in the name of defendant, another brother, who held a claim against the estate; the purpose of the proceedings, as represented to complainant, being to divest the estate of the title, and vest it in complainant. Simultaneous with the execution of the administrator's deed, defendant executed a deed to complainant and delivered it to the brother, who acted for complainant, but the brother refused to deliver it to complainant except upon the payment to him of a sum of money; and after his death defendant caused the administrator's deed to be recorded and executed one to his wife which he also recorded. On a bill by complainant against defendant and his wife to remove cloud, *held:*

(1) That if the title had been in the estate as represented to complainant there would have been nothing improper in the proceedings taken to divest it, and nothing against conscience in the agreement of defendant to reconvey, though such agreement might not have been enforceable before delivery of the deed to the brother for complainant.

(2) That complainant's acts having been procured by the false representations of her brother, she was not estopped to deny that the title was in the estate.

(3) That whatever title defendant received having passed out of him on the execution of the deed to complainant and its delivery to complainant's agent, no harm could come to her title until defendant entered upon a new campaign of fraud, and he having done this by recording one deed and withholding the other, complainant was entitled to the aid of equity to set the transaction aside, notwithstanding her participation in the illegal proceeding which culminated in the administrator's deed.

Appeal from Kalamazoo; Adams, J.   Submitted June 19, 1907.   (Docket No. 16.)   Decided November 5, 1907.

Bill by Lucia E. Blount against Elisha D. Eames and Alice Waltz Eames to set aside certain deeds, and to remove a cloud from the title to land.   From a decree dismissing the bill, complainant appeals.   Reversed, and decree entered for complainant.

*A. M. & C. H. Stearns,* for complainant.

*Carney & Yaple (Alfred J. Mills,* of counsel), for defendants.

Montgomery, J.   The bill in this case was filed to set aside two conveyances, the one from the administratrix of the estate of Lovett Eames, deceased, to defendant Elisha D. Eames, and the other from Elisha D. Eames to the defendant Alice Waltz Eames, as constituting a cloud upon the title of complainant.   The court below refused relief to complainant on the ground that she did not come into court with clean hands.

The facts in the case are as follows: The property in question was the homestead residence of Lovett Eames, who died intestate September 6, 1863.   His widow, Lucy C. Eames, was appointed administratrix of his estate. Lovett Eames was indebted in a large amount at the time of his death.   Claims were proven to the amount of over $50,000; one claim, being in favor of Elisha D. Eames, was allowed at $2,800.   The land in question had been conveyed by Lovett Eames and wife on the 15th of September, 1859, by warranty deed to Elijah W. Morgan. The briefs refer to an instrument in the nature of a defeasance which is said by defendants' counsel to have given this conveyance the character of a mortgage.   The instrument which is produced and introduced by defendants' counsel and called a defeasance paper is not signed by Elijah W. Morgan but is signed by Lovett Eames. It recites a conveyance of not only the homestead prop-

erty but of his machine shops and appurtenances, and also recites the execution of a chattel mortgage of personal property. It then provides that Eames shall pay certain moneys and perform certain covenants, and upon his doing so Morgan agrees that he will reconvey to Eames the machine shop and appurtenances and release the chattel mortgage; but the instrument further recites that the homestead—

"Having been conveyed to Morgan in trust and in satisfaction of all claims of every kind held by Elisha Morgan, the father of said E. W. Morgan and Lucy C. Eames, as well as security as aforesaid, and said E. W. Morgan being authorized by said Elisha Morgan so to take said land and to convey the same to said Lucy C. Eames and her heirs and assigns as an advancement to her by her father, the said homestead is to be conveyed by said E. W. Morgan (when such indebtedness shall have been paid) to said Lucy C. Eames and her heirs and assigns."

It will be seen therefore that this conveyance was something more than a conveyance by way of mortgage; it was a conveyance upon trust which upon the face of it purported to convey the title to the homestead in satisfaction of claims held by Elisha Morgan and upon the express trust that the land should be conveyed to Lucy C. Eames as an advancement from her father, Elisha Morgan.

On the 14th of May, 1874, Elijah W. Morgan conveyed to Lucy C. Eames the homestead in question, the description in the deed being followed by this statement: "the same having been conveyed to me in trust for the use and benefit of said Lucy C. Eames." Lucy C. Eames continued to reside upon the homestead, but in May, 1875, conveyed the east six rods to Henry F. and Lucia E. Blount, and the remainder was conveyed on August 12, 1878, to Lucia E. Blount. Henry F. Blount quitclaimed to Lucia E. Blount in September, 1885. In 1878 Lucia E. Blount and Henry F. Blount executed a mortgage to Lucy C. Eames in the sum of $4,500 in payment of the property in question. Mrs. Eames continued to reside

upon the premises but in recognition of complainant's title, the complainant spending some time each year upon the premises and making payments upon the mortgage from time to time.

In 1896 Lucy C. Eames as administratrix of Lovett Eames filed a bill against Charles H. Manley, administrator of the estate of Elijah W. Morgan, deceased, in the circuit court in chancery for Kalamazoo county, alleging that the conveyance from Lovett Eames to said Morgan was fraudulent as to creditors. The decree of the court declared the deed to be fraudulent as to creditors as a conveyance, but confirmed it as a mortgage. The case was appealed to this court and the decree reversed and the bill dismissed upon grounds not affecting the real question determined in the court below. *Eames* v. *Manley*, 121 Mich. 300. The complainant was not a party to this proceeding although the conveyance from Lucy C. Eames to her was of record.

The present bill alleges that after the decree of the circuit court in said case was had Wilfred Eames, complainant's brother, then living in Kalamazoo, represented to complainant that her title was defective on account of said proceedings, and that it would be necessary in order to perfect her title to have the premises sold at administrator's sale, and recommended that she permit the administratrix of the estate of Lovett Eames to procure a sale of the same to be bid in by her brother Elisha D. Eames, of Watertown, N. Y., who should then deed the same to complainant. Complainant avers that she was ignorant of the matters pertaining to the title and to the law concerning the same, and having confidence in her brother's honesty and judgment she consented to this arrangement. This was accordingly done. The petition was filed, order procured, sale made, conveyance executed to Elisha D. Eames, and a deed running from Elisha D. Eames to complainant was executed and returned to Wilfred Eames. During all this time Wilfred Eames acted for complainant. When the deeds got back into his

possession he demanded of complainant, as a condition to delivering the deeds to her, that she pay him $1,500 in cash, on the pretense that he had some claim against her husband. At this time Elisha D. Eames made no claim to the property. Wilfred Eames having died in the meantime, his administrator insisted that some sum of money at least should be paid for the deeds and refused to deliver them up. At this time it would seem that defendant Elisha D. Eames was insisting that the deeds should be delivered. Shortly after he appears to have had a change of heart and made a conveyance of this property to his wife, the co-defendant. The question is whether the case is one for the application of the rule that a party who has violated conscience or good faith should find the doors of the court shut against him.

It is to be noted, first, that complainant was ignorant of her rights and was led into consenting to the action which was taken in complete ignorance of her rights. Her brother in whom she reposed confidence assured her that this proceeding was essential to protect her title. Upon this record so far as anything discloses the contrary, had the title in fact been in Lovett Eames, as represented by Wilfred Eames, there would have been nothing improper in the proceedings taken to divest the estate of the title, and while the contract between complainant and Elisha D. Eames for a reconveyance might not have been enforceable, there would have been nothing against conscience in such an agreement so far as complainant is concerned. But, furthermore, the contract would have been enforceable at any time after the execution of a deed by Elisha D. Eames and a delivery of it to complainant's agent, Wilfred Eames.

It was the theory of the answer that the conveyance from the administratrix to Elisha D. Eames was valid, and that the consideration which passed to the estate was the amount of the claims proved by Elisha D. Eames against the estate of Lovett Eames. The evidence upon the trial does not support this theory, and it does appear that the

conveyance was made without any payment to the administratrix.   In this respect the transaction was irregular and to the extent that the complainant was a party to it she may be said to have been guilty of unconscionable conduct.   As to the claim that her participation in this proceeding estops her from now asserting that the title to the homestead was not in the estate of Lovett Eames, we think the answer may be found in the fact that whatever steps she took in connection with the proceedings in the probate court were taken in ignorance of her existing legal rights.   In fact by a false representation as to what were her existing legal rights Wilfred Eames was enabled to procure her assent to these proceedings.   Under such circumstances she would not be estopped.   *Renard* v. *Clink*, 91 Mich. 1.

The question of whether complainant by assenting to the irregular proceedings in the probate court has placed herself in a position which precludes the court from relieving her in this case is one of somewhat greater difficulty.   It is very doubtful if complainant was guilty of any intentional wrong or understood the force of her act. But she did participate in the proceedings to the extent of signing the bond of the administrator.   What remedy the creditors of the estate may have is not before us.   It does appear that, whatever of wrong the parties may have been guilty of, when the deed was executed by Elisha D. Eames, apparently simultaneously with the execution of the administrator's deed to him, and both were returned to Wilfred Eames, who was the agent of complainant in the matter, no harm could come to complainant's title whether the deeds were delivered to complainant or both were destroyed.   To work injury to the complainant after this transaction was fully consummated it was necessary that the defendant Elisha D. Eames should enter upon a new campaign of fraud.   If the title vested in him by the administrator's deed, it passed out of him by the execution by him of a deed to complainant and the delivery of the same to her agent, Wilfred Eames.   But

this having been withheld from record, and being found in the possession of Wilfred Eames at his death, afforded an opportunity to record the one, withhold the other, and becloud the complainant's title by a conveyance to the defendant Alice W. Eames. We think this constituted a new fraud which clouded complainant's title, and that the complainant is entitled to invoke the aid of the court to set aside this transaction.

The decree will be reversed and a decree entered in favor of complainant, quieting her title as against both defendants.

BLAIR, OSTRANDER, HOOKER, and MOORE, JJ., concurred.