984

## ROCKWOOD v. UNITED STATES.
### No. H—416.

Court of Claims.
April 7, 1930.

Geo. E. H. Goodner, of Washington, D. C. (Paul D. Banning and Mathews & Trimble, all of Washington, D. C., on the briefs), for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GRAHAM, GREEN, LITTLETON, and WILLIAMS, Judges.

GREEN, Judge.

Plaintiff is the trustee of Caplice Commercial Company, a dissolved corporation. This is a suit to recover an alleged overpayment on corporation income and excess profits taxes paid by the corporation upon a return made for the calendar year 1917. The corporation was engaged in business during the year 1917, but the plaintiff alleges that its charter expired on October 13, 1917, and never was renewed, and that although the

business of the company was carried on after the expiration of the charter by two of the three directors of the corporation, that by the laws of the state of Montana under which the charter of the corporation was obtained, on the expiration of the charter the corporation was dissolved. The plaintiff therefore contends that whatever business was conducted after the dissolution of the corporation was that of a partnership, in which, as the evidence shows, one Jesse F. Silverman and the plaintiff each owned a half interest; and that, in any event, a separate taxable entity or unit was formed upon and after the dissolution of the corporation for which a separate return should have been filed, and the corporation should only have filed a return from the beginning of the year up to the time of its dissolution. The defendant contends that by carrying on the business ostensibly as a corporation, and making a return to the government for taxes as a corporation, and not objecting to the assessment of the tax on that basis until after the expiration of the period of limitations for a reassessment of the tax on the basis which is now contended by plaintiff to be the proper one, the corporation and plaintiff, as its representative, are now estopped to assert that there was no corporation in the latter part of 1917, and estopped from asserting that a new taxable entity was set up after the period upon which the law fixed the date of dissolution, and that separate returns were required.

The parties have stipulated as follows:

"If the court finds that a corporate return should have been rendered for the period January 1, 1917, to October 13, 1917, inclusive, instead of for the entire year 1917, then judgment should be entered for the plaintiff in the sum of $5,448.76, representing $4,444.60, the amount of tax overpaid, and $1,004.16, the portion of the interest and penalties paid on May 9, 1923, applicable thereto, together with interest on said total sum as provided by law."

The statutes of Montana provided that a corporation is dissolved by the expiration of the time limited by its charter, and the time limit having, in this case, expired, the corporation was dissolved on the 13th day of October, 1917. It is quite evident that a corporate return should have been rendered for the period January 1, 1917, to October 13, 1917. Under the Montana statute the corporation was dissolved and ceased to exist on the last-named date for any other purpose except for closing up its affairs. In Oklahoma Natural Gas Co. v. Oklahoma, 273 U. S. 257, 259, 47 S. Ct. 391, 392, 71 L. Ed.

634, the court said: "It is well settled that at common law and in the federal jurisdiction a corporation which has been dissolved is as if it did not exist." But we do not think we are bound by the stipulation unless it accords with the facts in the case and the law as applicable thereto, which we will next consider.

As the corporation was not in existence for the purpose of making a return after the expiration of its charter, it is clear that it is not properly chargeable with any tax for that period under the revenue laws. The only reason given why a tax assessed for the full year should be collected is that a corporate return had been filed for that period, and defendant alleges that the plaintiff, who stands in the shoes of the corporation, is now estopped to deny the correctness of this return. But this case is not like the case of Rockwood v. United States (Ct. Cl.) 38 F. (2d) 707, decided March 3, 1930, in its facts. In that case we held that the elements of an estoppel had been proved. In this case there is one element that is not shown. There is no evidence that any of the officers of the corporation or any one who acted for it in preparing the return for 1917 knew that its charter had expired in October of that year. While the defendant was misled to its detriment, as it did not ascertain the real status of the corporation until after the period of limitation for collecting the tax had expired, it was not intentionally misled by any person acting for the corporation. If the corporation officials, with knowledge of the fact that the corporation charter had expired, had so conducted the transactions with the government as to lead the government officials to believe that the corporation was still in existence, the case would have been different. But the situation was simply one in which both parties labored under a mistake as to the facts, and in such a case no estoppel can arise.

Furthermore, the court is without sufficient facts to enable it to make a decision with respect to the tax liability for the period October 13 to December 31, 1917. The life of the corporation ended on October 13, and it could not have income or be taxed for the remainder of the year. Even if it be held that from October 13 to December 31, 1917, the business was carried on by an association, we cannot deny recovery in this case because the stipulation of facts was made and the case submitted on the theory either that the corporation continued throughout the year 1917 or that it ended on October 13,

1917. If there was an association for the remainder of the year after the charter of the corporation expired, the basis for the determination of net income, invested capital, and the tax would not be the same as in the case of a continuation of the corporation. The court therefore holds in accordance with the stipulation.

It follows that, in accordance with the terms of the stipulation, plaintiff is entitled to recover the sum of $5,448.76, representing the amount of tax overpaid and the portion of interest and penalties paid on May 9, 1923, applicable thereto, together with interest as provided by law. Judgment will be rendered accordingly.