## BRUCE et al. v. GLOBE INDEMNITY CO.
### No. 1830.

District Court, N. D. Oklahoma.
Jan. 30, 1935.

762

H. W. Conyers and H. R. Duncan, both of Tulsa, Okl., for plaintiffs.

M. L. Holcombe, Clarence Lohman, and R. A. Barney, all of Pawhuska, Okl., for defendant.

FRANKLIN E. KENNAMER, District Judge.

Plaintiffs seek the recovery of $10,000 from the defendant, Globe Indemnity Company, upon an executor's bond, executed by A. Wade Patton, executor of the estate of Maude Panther Bruce, a deceased member of the Osage Tribe of Indians, as principal, and the defendant as surety. Patton was appointed executor of the estate on July 7, 1925, by the county court of Osage county, Okl. He qualified as such, and filed his bond, executed by the defendant as surety, for the principal sum of $10,000, which bond, after reciting the provisions contained therein as required by law, also provided, "This bond is made subject to all the provisions of Section 3 of the Act of Congress approved April 18, 1912, amendatory to the Osage Indian Allotment Act of June 28, 1906, and acts amendatory thereof," and, " * * *. shall faithfully execute the duties of said trust as such executor, according to law."

The executor received $31,701.83 from the superintendent of the Osage Agency, who made the payments under the directions of the Secretary of the Interior. The funds paid by the Osage Agency to the executor, were moneys which had accrued to the credit of the Osage headright of the deceased, Maude Panther Bruce, subsequent to her death. These funds were disbursed by the executor, during his administration, by paying $15,005.61 to the minors, plaintiffs herein; $10,090 in claims for debts of the deceased; $2,514.55 for expenses of last illness and funeral; $237.70 as court costs; $238.32 as bond premiums; $1,415 as executor's fees; $688.60 as attorney's fees; $564.83 for insurance and taxes; and $645 in miscellaneous expenses.

The allowance to the minors in the amount of $15,005.61, was paid for family allowance under orders of the county court, and approved by the Osage Agency. The minors received the money, and should be chargeable therewith. It can make no difference that the funds were not paid directly by the Osage Agency to the heirs, if in fact such funds were received by them through an intermediary, the executor. Subtracting the $15,005.61 from the total received, there is a balance of $16,696.83, which appears to have been used by the executor in paying the debts of the deceased and the administration costs.

A jury has been waived and the order submitted to the court for determination. The facts are not in dispute, and the question for determination is, Are the plaintiffs entitled to recover against the surety of the executor upon the bond for the funds accrued to the headright of the deceased, Maude Panther Bruce, because of said executor having paid claims of the deceased which had their foundation in debts owing by the deceased on the date of her death?

It is established by the pleadings and stipulation on file, that C. L. Bruce, one of the plaintiffs in the action, is a white man and was the husband of Maude Panther Bruce during her life, and that by reason thereof, inherited one-third of her estate; that the minor plaintiffs herein were the minor children of the deceased, and have inherited the remaining two-thirds of the estate. The record further establishes that C. L. Bruce consented to the payment of the debts of the deceased out of the funds involved in this action, by sending a letter to that effect to the Interior Department.

Section 7 of the Act of April 18, 1912 (37 Stat. L. 86, 88) specifically provides: "That inherited moneys shall be liable for funeral expenses and expenses of last illness of deceased Osage allottees, to be paid upon order of the county court of Osage County, State of Oklahoma."

The item of $2,514.55 is properly liable under the above statute.

■ This court has previously announced that funds accruing to a headright subsequent to the death of a member of the Osage Tribe of Indians, descend directly to the heirs of such tribal member, and are not assets of the estate of the deceased, subject to administration by the probate courts of Oklahoma for the purpose of paying the debts and costs of administration, except expenses of last illness and funeral. Tapp v. Stuart (D. C.) 6 F. Supp. 577, which was an opinion upon a motion to dismiss, and Id. (D. C.) 9 F. Supp. 23, filed in the case December 8, 1934, which was a decision upon the merits. Other decisions have also established that such funds, accruing after the death of the deceased, are payable directly to the heirs, and are not subject to distribution by the county court of Osage county. De Noya v. Arrington, 163 Okl. 44, 20 P. (2d) 563; In re Denison (D. C. Western Dist. Okl.), 38 F.(2d) 662; Taylor v. Tayrien (C. C. A. 10) 51 F.(2d) 884. 'It is unnecessary to here consider the congressional acts, or the reasons supporting the above decisions. For such decisions, see Tapp v. Stuart (D. C.) 9 F. Supp. 23, filed December 8, 1934, and United States v. Hughes (D. C. Northern Dist., Okl.) 6 F. Supp. 972. The county court of Osage county was without jurisdiction to subject such funds to the payment of the debts of the deceased. All claims for the expenses of last illness and funeral should have been approved by the county court, and thereafter submitted to the Secretary of the Interior for payment. Any orders of the county court with respect to such trust funds were void and subject to collateral attack, because the probate court was without jurisdiction over such funds. See Cowokochee v. Chapman et al., 90 Okl. 121, 215 P. 759; Barnard v. Bilby, 68 Okl. 63, 171 P. 444; Sandlin v. Barker, 95 Okl. 113, 218 P. 519; State ex rel. Southern Surety Co. v. Armstrong, 158 Okl. 290, 13 P.(2d) 198; Pettis v. Johnston, 78 Okl. 277, 190 P. 681. As it has been held by this court that an executor or administrator is liable for funds accruing to the credit of a headright of a deceased member of the Osage Tribe, employed by him for the payment of debts of the deceased under orders of the county court, excluding expenses of last illness and funeral, we must next determine if the surety on the executor's bond is also liable.

■ It should follow that the surety is liable for all defaults of a principal; that the surety stands ready to account for all defaults of the principal in all acts undertaken by him by virtue of his official position as executor. It is contended that the surety should be relieved from liability under the bond because the funds in question were illegally and improperly paid to the executor; that the surety should be liable only for funds legally coming to the executor, but should not be liable for any funds illegally paid to the executor. Many authorities sustain the rule that where an executor or administrator receives property to which he is not legally entitled, in the discharge of his duties as personal representative, his administration bond does not cover such property, and his sureties are not liable in respect to it. See 24 C. J. 1063, § 2547; but in the case under consideration it is admitted in defendant's answer that the executor executed the bond in contemplation of receiving the particular funds involved herein, and it has been established in Oklahoma that where an executor or guardian receives property in his representative capacity, in an action against such administrator, executor, or guardian, neither the principal nor the surety will be permitted to deny that such funds were received in a fiduciary capacity. Boudinot v. Locust, 55 Okl. 662, 151 P. 579, 155 P. 698; Showalter v. Hampton, 101 Okl. 83, 223 P. 167. Other jurisdictions have adhered to the same rule. Elizalde v. Murphy, 11 Cal. App. 32, 103 P. 904; Vukmirovich v. Nickolich, 123 Minn. 165, 143 N. W. 255; Wiseman v. Swain (Tex. Civ. App.) 114 S. W. 145.

■ The principal came into possession of the trust funds in the instant case, because he was appointed executor by the probate court; he came into possession of such funds because of his official position; and he became an official, an executor, upon filing a bond, which the defendant herein executed as surety. It was the intention of the surety, in executing the bond, to indemnify the obligee in the bond against defaults or illegal expenditures and disbursements by the executor. It was contemplated that such funds would be paid to the executor, and it was undoubtedly contemplated that the surety would stand liable for the legal disbursements of such funds by the executor. It clearly follows that if the principal in the bond, the executor, is liable for illegal and improper expenditures of such funds, his surety should likewise be liable.

■ The deceased directed the payment of her debts in her will, and the will had the approval of the Secretary of the Interior.

Neither the Secretary of the Interior nor the deceased could exercise authority with respect to such funds contrary to the congressional act, which prohibited the payment of such debts from the restricted funds, and the Secretary of the Interior was equally powerless to direct or order the payment of such funds contrary to the laws of the United States.

In the instant case, the principal on the bond is not a party defendant; the surety is the only defendant. The principal is dead and his estate is insolvent. No administrator has been appointed. It is contended that the principal is a necessary party defendant. Such contention is without merit. The obligation of the bond provided for the joint and several liability of the principal and the surety. The plaintiffs have a right to maintain this action against the surety alone. See Burnham v. Edwards, 125 Okl. 272, 257 P. 788, 53 A. L. R. 800.

The plaintiff C. L. Bruce is not entitled to recover, for the reason that he consented, in writing, that his interest in the fund be used to discharge the debts of his deceased wife. The minor plaintiffs were entitled to two-thirds of the funds which were paid to the executor, less the sums received by them and their proportionate share of the expenses of last illness and funeral. The total sum received, less the last illness and funeral expenses, is $29,187.27; two-thirds of this sum was due the minors, or $19,458.18; they have been paid $15,005.61, and there is due them $4,452.57, which is their portion of the estate which has been illegally disbursed by the executor. The minor children are therefore entitled to judgment against the defendant for the sum of $4,452.57. C. L. Bruce will be denied recovery herein.