[No. 1145-3.  Division Three.  October 7, 1975.]

STATE FARM MUTUAL INSURANCE COMPANY, *Appellant*, v. HELEN I. PADILLA, *Individually and as Administratrix*, ET AL, *Respondents*.

*Brian B. Kennedy* and *Turner, Stoeve, Gagliardi & Kennedy*, for appellant.

*Larry M. Kristianson, Skok & Kristianson* and *Daniel L. Collins*, for respondents.

GREEN, J.—State Farm Mutual Insurance Company appeals from a judgment declaring that Manuel Padilla, deceased, obtained a policy of insurance on a 1965 Rambler Marlin and that such policy was in effect on June 11, 1971. The sole issue is whether there is sufficient evidence to support the findings of fact essential to the conclusion of coverage.

The following facts are virtually undisputed. On June 11, 1971, Manuel Padilla and James Wonch were killed in an automobile accident. The Padilla and Wonch families are relative strangers. A few years prior to the accident, the Padillas moved to Colville, Washington from the state of Maine. At that time they insured their 1968 Dodge wagon with State Farm through a local agent, Gerald Willett. Subsequently, they bought another automobile and insured

it with State Farm through Mr. Willett. In late May 1971, the Padillas traded the latter vehicle on a 1965 Rambler Marlin which they planned to give their daughter as a high school graduation present. After obtaining the Rambler and a few days before the accident, Mr. Padilla consulted with Mr. Willett to find out the most economical way to insure the Rambler. Mr. Padilla obtained the necessary information and discussed the alternatives with Mrs. Padilla. Mrs. Padilla testified that they concluded the best alternative was to "add [the Rambler] on to their existing policy." Mrs. Padilla does not know of her own knowledge whether Mr. Padilla ever notified Mr. Willett of their decision.

On Friday evening, June 11, 1971, Mr. Willett learned that the Rambler was involved in an accident in which Mr. Padilla and Mr. Wonch were killed. On Monday, June 14, Mrs. Padilla telephoned Mr. Willett to report the accident. At that time there was no question in Mr. Willett's mind as to which vehicle was involved in the accident and in the course of the conversation and after Mrs. Padilla had identified herself, Mr. Willett responded by saying, "Don't worry about it, everything is taken care of." About a week after the accident, a State Farm claim agent told Mrs. Padilla that payment would be made for the Rambler.

The attorney for the Wonch estate, while investigating the matter, visited Mr. Willett's office to determine whether or not the Rambler was covered by insurance. At the time of this visit, he was given the office file pertaining to the Padilla insurance coverage. On the top sheet of that file, the attorney saw the words "1965 Rambler" below which was a long number. These words and the number were enclosed in an oblong circle above which the word "insured" was placed. At the time of trial this document was missing from the file. The foregoing facts are contained in findings of fact to which no error is assigned and become verities on appeal. CAROA 43.

Plaintiff assigns error to the following findings of fact:

18.

The document that is described in Paragraph XVI

above was logically a notation by Mr. Gerald Willett or by his Secretary with reference to insurance on the Rambler Marlin vehicle.

19.

Some time between the time of the conversation referenced in Paragraph IX and the date of his death on Friday, June 11, 1971, Manuel Padilla contacted Gerald Willett and arranged to obtain a policy of automobile insurance for the 1965 Rambler Marlin vehicle that was being operated by Mr. Padilla at the time of his death.

20.

The terms and limits of the insurance policy referenced in Paragraph XIX were logically the same limits that Mr. Padilla had previously acquired for his other family vehicle that was insured by the plaintiff company. Those policy limits included, in pertinent part, liability insurance in the amount of $15,000.00 for each person suffering bodily injury in an accident involving the insured vehicle and, additionally, collision coverage on the insured vehicle.

Essentially, the plaintiff contends that the trial judge erroneously relied upon circumstantial evidence to infer coverage and that such evidence only related to the existence of the purported insurance contract and no evidence, direct or circumstantial, existed to prove its terms. We disagree.

The sole question is whether Mr. Padilla ever notified Mr. Willett that he wanted the Rambler added to their existing insurance policy. Based upon the inferences from the established facts, the trial judge concluded that Mr. Padilla told Mr. Willett to add the Rambler to their existing policy as Mr. and Mrs. Padilla had previously determined to do. It is clear that:

> Proof of the fact to be established may be by direct or circumstantial evidence. *Arnold v. Sanstol*, 43 Wn.2d 94, 260 P.2d 327 (1953). . . . A verdict does not rest on speculation or conjecture when founded on reasonable inferences drawn from circumstantial facts.

*Lamphiear v. Skagit Corp.*, 6 Wn. App. 350, 356, 493 P.2d 1018 (1972); *Grady v. Dashiell*, 24 Wn.2d 272, 284, 163 P.2d 922 (1945); *see Bombardi v. Pochel's Appliance & TV Co.*,

9 Wn. App. 797, 802, 515 P.2d 540 (1973); *Tokarz v. Ford Motor Co.,* 8 Wn. App. 645, 656, 508 P.2d 1370 (1973); *Waldron v. Home Mut. Ins. Co.,* 16 Wash. 193, 47 P. 425 (1896). The trial court heard the witnesses, Mrs. Padilla, Mr. Willett, and the attorney for Wonch, and could judge their demeanor and credibility. We find that the inferences drawn from the unchallenged facts are reasonable and the challenged findings will not be disturbed. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

Affirmed.

McINTURFF, C.J., and MUNSON, J., concur.